## WARREN COUNTY.

JANUARY TERM, 1884, No. 339.                    MAY 29, 1884.

# Rogers *v.* Davidson.

1. The right of a trial by jury cannot be taken away by any uncertain agreement.

2. Articles of agreement between parties to a contract contained the following section: "Said parties agree to have no litigation over this contract or the work under it, and if any real or supposed cause of complaint should arise, they hereby agree to submit the same to one or three indifferent men, to be chosen by the parties as arbitrators are under the general arbitration law, upon notice by either party as to the time and place of choosing, whose award shall be final." *Held,* that this agreement contained no submission that could be enforced according to its terms.

3. A dispute having arisen, one of the parties notified the other to appear before the prothonotary for the purpose of choosing arbitrators. The prothonotary appointed the arbitrators, who found for the plaintiff. In an action of debt brought by the plaintiffs upon the award, the court refused the admission of the award as evidence, and granted a non-suit. *Held* not to be error.

[Rogers v. Davidson.]

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas of *Warren County*.

Debt by L. A. Rogers against Samuel Davidson, to recover the amount of an award rendered by arbitrators against the defendant.

At the trial, February 29, 1884, before WILLIAMS, P. J., the following facts appeared:

On July 2, 1874, an agreement in writing was entered into between Rogers and Davidson, which contained, *inter alia*, the following article:

"Said parties agree to have no litigation over this contract or the work under it, and if any real or supposed cause of complaint should arise, they hereby agree to submit the same to one or three indifferent men, to be chosen by the parties as arbitrators are under the general arbitration law, upon notice by either party as to the time and place of choosing, whose award shall be final."

A dispute having arisen between the parties, on June 7, 1875, Rogers served a notice upon Davidson to meet him at the prothonotary's office on the 22d day of the same month, to choose arbitrators to settle all matters at variance between them. On the day appointed, arbitrators were appointed by the prothonotary. On July 8, 1875, the arbitrators met and found for the plaintiff.

The plaintiff offered in evidence the award of the arbitrators. The defendant objected, because the arbitrators were not chosen under any authority contained in the contract, or under any authority given to the prothonotary of the county of Warren by law or by the contract, and because, therefore, the arbitrators had no authority to act in the premises, and their award is null and void.

The objections were sustained, under objection, and the Court directed a compulsory non-suit, which it subsequently refused to take off. The plaintiff thereupon took this writ, assigning for error the action of the Court in refusing his offer, as above, and directing a non-suit.

*J. O. Parmlee, W. W. Wilbur*, and *W. M. Lindsey* for plaintiff in error.

It is well settled that where parties to a contract have agreed to leave their differences to a particular person or persons, whose decision shall be final, resort must be had to the tribunal appointed by the agreement: Reynolds *v.* Caldwell, 1 Smith, 298; O'Reilly *v.* Kerns, 2 *Id.*, 214;

'[Rogers *v.* Davidson.]

Howard *v.* The Allegheny Valley R. R., 19 *Id.*, 489; Lauman *v.* Young, 7 Casey, 308; Monongahela Nav. Co. *v.* Fenlon, 4 W. & S., 210.

The duty of courts is to enforce all lawful contracts made between parties, whatever they may be: Harris *v.* Ligget, 1 W. & S., 301.

The court will always seek to uphold a submission in spite of a defect in formality, according to the obvious intent of the parties: Morse on Arbitration and Award, 47.

*Brown & Stone,* and *John P. Vincent* for defendant in error.

The agreement contains no submission that can be carried out according to its terms. The arbitrators were to be chosen by the parties, and not by the prothonotary of Warren county. The plaintiff assumes that the words "as arbitrators are chosen under the general arbitration law," means that the one or three arbitrators are to be chosen by the prothonotary when neither the officer nor the county are named in the submission. If it was a sensible submission at all, it was clearly a prospective one—to arbitrators to be thereafter chosen by the parties. That such a decision is not binding on the parties, and does not oust the general jurisdiction of the courts, is decided in many cases: Mentz *v.* The Armenia Ins. Co., 79 Pa., 475; Insurance Co. *v.* Morse, 20 Wallace, 445; Gray *v.* Wilson, 4 W., 39.

June 9th, 1884.—Per Curiam:—This judgment is clearly right. The agreement contains no submission that can be enforced according to its terms. The right of trial by jury cannot be taken away by any uncertain agreement. A stipulation that either party may fix the time and place of choosing the arbitrators is too uncertain to sustain the action of the party and the prothonotary in this case.

Judgment affirmed.